```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

GOPALJI M. RANA,                  §
                                  §
            Plaintiff,            §
                                  §
v.                                §
                                  §
SPECTRA ENERGY CORP., THE         §
SPECTRA ENERGY RETIREMENT         §   CIVIL ACTION NO. H-10-0403
SAVINGS PLAN, THE SPECTRA         §
ENERGY GROUP BENEFITS             §
COMMITTEE, AND THE PLAN           §
ADMINISTRATOR OF THE SPECTRA      §
ENERGY RETIREMENT SAVINGS PLAN,   §
                                  §
            Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Gopalji M. Rana, brings this action against defendants, Spectra Energy Corporation, Spectra Energy Retirement Savings Plan (Plan), Spectra Energy Group Benefits Committee (Committee), and the Plan Administrator of the Spectra Energy Retirement Savings Plan (Administrator), for denial of benefits, breach of fiduciary duty, civil penalties, other equitable relief, and attorney's fees in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. Pending before the court is Plaintiff, Gopalji Rana's Response to Show Cause Order and Motion for Reconsideration (Docket Entry No. 16). For the reasons explained below, plaintiff's motion will be granted in part and denied in part, and that part of the court's June 16, 2010, Memorandum Opinion and Order (Docket Entry No. 14) dismissing plaintiff's claim for benefits will be vacated.

## I. Background

On February 10, 2010, plaintiff filed his original Complaint (Docket Entry No. 1) "seeking redress for wrongful diminishment of the value of his retirement account."[1]  Plaintiff's complaint asserts claims for denial of benefits in violation of 29 U.S.C. § 1132(a)(1)(B), breach of fiduciary duty in violation of 29 U.S.C. § 1109 and § 1132(a)(2), other equitable relief available under 29 U.S.C. § 1132(a)(3)(B), civil penalties in violation of 29 U.S.C. § 1132(c), and attorney's fees.[2]  These claims are based on plaintiff's contention that "[b]y failing to value and distribute [his] retirement account funds in accordance with the terms of the Plan Document, Defendants caused a $121,292 diminishment in the total value of [his] retirement account."[3]

On May 12, 2010, defendants filed Defendants' Partial Rule 12(B)(6) Motion to Dismiss and Original Answer (Docket Entry No. 7).[4]  Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) required the court to test the formal sufficiency of the plaintiff's complaint.  See Ramming v. United States, 281 F.3d

---

[1]Plaintiff, Gopalji Rana's Response to Show Cause Order and Motion for Reconsideration (Plaintiff's Motion for Reconsideration), Docket Entry No. 16, p. 3 ¶ 6.

[2]Plaintiff, Gopalji Rana's Complaint, Docket Entry No. 1.

[3]Plaintiff's Motion for Reconsideration, Docket Entry No. 16, pp. 3-4 ¶ 10.

[4]"The deadline for Defendants to file responsive pleadings was extended by agreement."  Plaintiff's Motion for Reconsideration, Docket Entry No. 16, p. 3 & n.1.

158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S. Ct. 2665 (2002) (motions to dismiss under Rule 12(b)(6) are "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim"). The court was required to accept the factual allegations of the plaintiff's complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id.

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S. Ct. 992, 997 (2002) (quoting Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974)). To avoid dismissal a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). This "plausibility standard" requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The Fifth Circuit has "restricted such consideration to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Tex. A & M Univ., 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)).

On June 16, 2010, the court issued a Memorandum Opinion and Order (Docket Entry No. 14), granting the defendant's motion for partial dismissal and dismissing all of the plaintiff's claims except the claim for civil penalties. The court's Memorandum Opinion and Order ordered the plaintiff to show cause why his claim for civil penalties should not also be dismissed.

On June 30, 2010, the plaintiff filed the pending motion in which he asks the court to reconsider its prior rulings, reinstate the claims dismissed by the June 16, 2010, Memorandum Opinion and Order, and allow his claim for civil penalties to proceed.[5]

## II. <u>Standard of Review</u>

The plaintiff has styled his motion as a motion for reconsideration. "[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." <u>St. Paul Mercury Insurance Company v. Fair Grounds Corporation</u>, 123 F.3d 336, 339 (5th Cir. 1997). The court's June 16, 2010, Memorandum Opinion and Order was interlocutory, not final. <u>See</u> <u>Moody v. Seaside Lanes</u>, 825 F.2d 81, 85 & n.3 (5th Cir. 1987) (explaining that only the resolution of an entire adversary proceeding is "final"). Courts reconsider interlocutory orders under Rule 54(b) which provides that "any order or other decision, however designated, that

---

[5]Plaintiff's Motion for Reconsideration, Docket Entry No. 16.

adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of [a final judgment]."

> The standard of review for interlocutory decisions differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b). . . [R]econsideration of an interlocutory decision is available under the standard "as justice requires." . .
>
> . . . [t]he "as justice requires" standard amounts to determining whether reconsideration is necessary under the relevant circumstances. . . Nonetheless, the court's discretion under 54(b) is . . . subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason, permitted, to battle for it again.

<u>Judicial Watch v. Department of the Army</u>, 466 F. Supp.2d 112, 123 (D.D.C. 2006) (citations and quotation marks omitted). <u>See also</u> <u>Dos Santos v. Bell Helicopter Textron, Inc. District</u>, 651 F. Supp.2d 550, 553 (N.D.Tex. 2009) ("whether to grant such a motion rests within the discretion of the court").

### III. <u>Analysis</u>

Plaintiff urges the court to reinstate his claims for benefits, breach of fiduciary duty, and other equitable relief, and not to dismiss his claim for civil penalties. Defendants urge the court to deny the plaintiff's motion for reconsideration because it "improperly reiterates the same arguments asserted in . . .

response to Defendants' Partial Rule 12(b)(6) Motion to Dismiss."[6]

A.  **Claim for Benefits**

In the June 16, 2010, Memorandum Opinion and Order, the court concluded that plaintiff's claim for benefits should be dismissed because documents attached to Plaintiff's Complaint conclusively established that enforcement of the one-year period of limitation contained in the Plan Document ("PD") was not unreasonable for the following reasons:

(1) plaintiff received the PD and the [Summary Plan Description] SPD before he filed his initial claim on June 11, 2008;

(2) plaintiff received notice of the one-year statute of limitations from the August 20, 2008, letter denying his claim;

(3) plaintiff's attorney received notice of the one-year statute of limitations from the December 18, 2008, letter denying the plaintiff's appeal; and

(4) plaintiff has not articulated any reasons why the one-year limitations period established by the Plan was too short a period of time for him and/or his attorney to analyze, verify, and file his claim for denial of benefits.[7]

The court's conclusions that enforcement of the one year limitation period was not unreasonable and that plaintiff had adequate notice of that limitation period was based in part on the plaintiff's June 11, 2008, letter to the Plan Administrator that he attached to

---

[6]Defendants' Response to Plaintiff's Motion for Reconsideration and Reply to Plaintiff's Response to Show Cause Order, Docket Entry No. 19, p. 4.

[7]Memorandum Opinion and Order, Docket Entry No. 14, p. 12.

his complaint and in which he stated

> 12. On May 1, 2008, Diana emailed me a copy of the entire Plan to learn about the appeal procedures.
>
> . . .
>
> 15. I requested Diana to send a copy of the SPD which I received on May 9th.[8]

Asserting that he "stated in his Response to Defendant's Motion to Dismiss, and reiterates again, here, under oath, that he never received a copy of the SPD from Spectra and that he did not understand that the document had even been withheld from him until he engaged counsel to assist him with this claim,"[9] plaintiff argues that the court erroneously viewed the facts in the light most favorable to the moving party to make "a critical finding of fact (that the Plan Administrator timely provided [him] a copy of the SPD)."[10] Plaintiff explains that the conclusion the court drew from the statements in his June 11, 2008, letter is not reasonable because

> English is not [his] native language and he has no training as an attorney. He wrote the June 11, 2008 letter without the benefit of counsel. When he wrote the letter, he did not understand the legal or technical meaning of the terms, "Plan," "Plan Document," and "SPD." He ascribed to those terms meanings logical to him, as an engineer who had to try to interpret or "translate" the technical and legal terms being thrown at him by Spectra

---

[8]Claim, Exhibit B attached to Plaintiff's Complaint, Docket Entry No. 1, third unnumbered page ¶¶ 12 and 15.

[9]Plaintiff's Motion for Reconsideration, Docket Entry No. 16, p. 8 ¶ 26.

[10]Id. at 7 ¶ 23.

-7-

and Fidelity. He had no context for an independent, legal or technical understanding of what those terms meant.[11]

Defendants urge the court to reject the plaintiff's attempt to reinstate his claim for benefits. Defendants argue that

> [i]n his Motion for Reconsideration, Plaintiff again offers no authority supporting the proposition that the only method by which a plan participant can be placed on notice of a limitations period, is by and through the SPD, and only the SPD. . .
>
> By and through his own statements and the very exhibits he attached to his Complaint, Plaintiff acknowledges that he was notified by receipt of the Plan and by letter twice that he had one-year from the date of the decision of his appeal to bring suit under ERISA. . . . In fact, the letter sent by the Plan on December 18, 2008 was addressed to Plaintiff's counsel. In that letter, Plaintiff's counsel was advised of the one-year limitations period under the Plan. . . .Even if this Court is persuaded by Plaintiff's newly asserted argument that he lacked the English skills to understand the Plan document and the letters received by him from the Plan, *Plaintiff's counsel* certainly should have possessed the competency skills required to understand the one-year limitations period codified under the Plan, especially when the December 18, 2008 letter expressly informed him of such period.[12]

Regardless of whether the plaintiff received the SPD in May of 2008 as he stated in his June 11, 2008, letter to the Plan Administrator, or whether he has never received the SPD as he states in the affidavit attached to his motion for reconsideration, the court concludes that the plaintiff's claim for benefits should be reinstated because in this circuit if the SPD contains a

---

[11]Id. at ¶ 25 (citing plaintiff's Affidavit, Exhibit A attached thereto).

[12]Defendants' Partial Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 6, pp. 5-6.

provision that conflicts with a provision contained in the Plan Document, the provision contained in the SPD governs whether or not the plaintiff relied on that provision. In <u>Hansen v. Continental Insurance Co.</u>, 940 F.2d 971, 982 (5th Cir. 1991), the Fifth Circuit held that

> the summary plan description is binding, and that if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern. Any other rule would be, as the Congress recognized, grossly unfair to employees and would undermine ERISA's requirement of an accurate and comprehensive summary.

Looking to the law of insurance contracts, the Fifth Circuit explained that "ambiguity in the summary plan description must be resolved in favor of the employee and made binding against the drafter." <u>Id.</u> Because in <u>Hansen</u> the plaintiff's uncontradicted evidence showed that the plaintiff had relied on the description provided in the SPD, the court left "for another day the question of whether a plaintiff in an action such as this must demonstrate reliance on the summary plan description." <u>Id.</u> at 983. The Fifth Circuit addressed the issue of reliance in <u>Washington v. Murphy Oil USA, Inc.</u>, 497 F.3d 453 (5th Cir. 2007), because the parties there submitted conflicting evidence on that issue. The Fifth Circuit held "that when the terms of an SPD and an ERISA plan conflict and the terms of the conflicting SPD unequivocally grant the employee a vested right to benefits, the employee need not show reliance or prejudice." <u>Id.</u> at 458-59. The Fifth Circuit explained "[w]e find that this approach is most consistent with ERISA, which is designed to protect employees; and most consistent with our opinion in

Hansen, which refused to place the burden of conflicting SPDS on plan beneficiaries." Id. at 459.

Because the Fifth Circuit has held that if the terms of an SPD conflict with the terms of a Plan Document and the terms of the SPD unequivocally grant the employee a vested right to benefits, the terms of the SPD govern regardless of whether the employee can show that he or she relied on or was prejudiced by the terms of the SPD, the court concludes that the plaintiff's claim for benefits should not be dismissed on the basis of a limitations provision contained in the Plan Document before plaintiff's counsel has had the opportunity to obtain the SPD through discovery to determine whether it contains a limitations provision that conflicts with that contained in the Plan Document and grants the employees more than one year to file a lawsuit.  Accordingly, the court will vacate that part of the June 16, 2010, Memorandum Opinion and Order dismissing the plaintiff's claim for benefits, and set a date for an initial scheduling conference at which the parties should be prepared to discuss the scope of the discovery and briefing that will be conducted in this case.

**B.   Breach of Fiduciary Duty Claim**

In the June 16, 2010, Memorandum Opinion and Order, the court concluded that plaintiff's claim for breach of fiduciary duty should be dismissed "[b]ecause [29 U.S.C.] § 1132(a)(1)(B) affords plaintiff an avenue for legal redress, and because plaintiff has

-10-

brought a claim under § 1132(a)(1)(B) for plan benefits, plaintiff may not simultaneously maintain his claim for breach of fiduciary duty under § 1132(a)(2)."[13] In reaching this conclusion the court considered — but was not persuaded by — plaintiff's argument that the Supreme Court's decision in LaRue v. DeWolff, Boberg & Associates, Inc., 128 S. Ct. 1020 (2008), has created an open question as to whether a plaintiff may concurrently assert a denial of benefits claim and a breach of fiduciary duty claim.[14]

Asserting that "[t]he LaRue decision was an intentional departure from prior rulings and a new approach to the specific type of claim currently before this Court,"[15] plaintiff argues that "a critical issue of law, so recently opened to new interpretation by the United States Supreme Court should not be decided under Rule 12(b)(6)."[16] Because the argument on this issue that plaintiff makes in his motion to reconsider is the same argument that plaintiff made in response to the defendants' motion for partial dismissal and the court rejected in its June 16, 2010, Memorandum Opinion and Order, and because plaintiff has not cited any authority supporting his position on this issue, the court will not reconsider its conclusion that plaintiff's claim for breach of

---

[13]Memorandum Opinion and Order, Docket Entry No. 14, p. 17.

[14]Id. at pp. 15-17.

[15]Plaintiff's Motion for Reconsideration, Docket Entry No. 16, p. 12 ¶ 43.

[16]Id. at 13 ¶ 46.

fiduciary duty under 29 U.S.C. § 1132(a)(2) is subject to dismissal.

**C.   Other Appropriate Equitable Relief**

In the June 16, 2010, Memorandum Opinion and Order, the court concluded that plaintiff's claim for other appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3) "fails for the reasons that this subsection does not permit the type of relief [plaintiff] seeks."[17]  In reaching this conclusion the court considered — but was not persuaded by — plaintiff's arguments that the court could "impose a trust on the $121,292.00 plus interest thereon, that is due and owing to [him],"[18] or "enter an order estopping the defendants from asserting the one-year limitations period, or having 'his individual account restored to the value it would have had if not for the misconduct of the Defendants.'"[19]  Citing Amschwand v. Spherion Corp., 505 F.3d 342 (5th Cir. 2007, cert. denied, 128 S. Ct. 2995 (2008), the court explained that "[i]n the Fifth Circuit 'appropriate equitable relief' available under § 1132(a)(3) does not include recovery in the form of payment of benefits that would have accrued to a plan participant but for a

---

[17] Memorandum Opinion and Order, Docket Entry No. 14, p. 19.

[18] Id. at 18 (quoting Plaintiff's Complaint, Docket Entry No. 1, p. 8 ¶ 27).

[19] Id. (citing Plaintiff's Response to Defendants' Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 10, p. 11 ¶¶ 37-38).

plan fiduciary's breach of fiduciary duty."[20] The court explained that no matter how the plaintiff attempted to characterize it, the relief he is seeking in this claim is monetary relief in the form of plan benefits.[21]

Asserting that other appropriate equitable relief "could, for instance, include an order from this Court that the Defendants are equitably estopped from asserting the would-be one year limitation on litigation to recover benefits due, or the institution of a constructive trust in the amount of [his] losses pending the final decision of this matter,"[22] plaintiff argues that his claims under 29 U.S.C. § 1132(a)(3) "should not be automatically precluded by the mere existence of other claims under ERISA's enforcement scheme."[23] Because plaintiff's argument on this issue in his motion to reconsider is the same argument that plaintiff made in response to the defendants' motion for partial dismissal and the court rejected in its June 16, 2010, Memorandum Opinion and Order, and because plaintiff has not cited any authority supporting his position on this issue, the court will not reconsider its conclusion that plaintiff's claim for other appropriate equitable

---

[20] Id. at 19.

[21] Id. at 22.

[22] Plaintiff's Motion for Reconsideration, Docket Entry No. 16, p. 14 ¶ 49.

[23] Id. at ¶ 50.

relief under 29 U.S.C. § 1132(a)(3) is subject to dismissal.

**D.   Civil Penalties**

In the June 16, 2010, Memorandum Opinion and Order, the court ordered the plaintiff to show cause why his claim for civil penalties under 29 U.S.C. § 1132(c) based on the alleged failure of the defendants to disclose documentary evidence should not be dismissed.  Citing the plaintiff's June 11, 2008, letter to the Plan Administrator in which the plaintiff stated he had received both the PD and the SPD, the court explained that

> the materials attached to the Plaintiff's Complaint establish that this claim is subject to dismissal for failure to state a claim for which relief may be granted because the plaintiff received the PD and the SPD in May of 2008 before he filed his initial claim on June 11, 2008.[24]

In response to the court's show cause order, plaintiff has submitted an affidavit in which he states under oath

> [w]hen I wrote the term "SPD" I did not understand what it meant.  I was simply repeating a term I had seen in letters from Spectra.  At the time, I didn't even understand the legal meaning of the term "Plan Document." Based on the context in which it had been used by Spectra and Fidelity, "SPD" seemed to me to be a generic term describing the rules of my retirement plan, and "Plan Document" seemed to me to mean the entire file relating to may claim.  My understanding of these terms was based entirely on discussions with various people at Spectra and Fidelity.  It was impossible for me to understand the legal difference between a "Plan" a "Plan Document" and an "SPD." . . .
>
> The document I refer to, in item 15 of my letter as

---

[24]Memorandum Opinion and Order, Docket Entry No. 14, p. 23.

>an "SPD" was, in fact, what I now know to be the "Plan Document." This is the document Diana sent me which described the method of benefit calculation Spectra would use to determine the value of my retirement plan. This was the document to which I referred in section 15 of my letter.[25]

Plaintiff also argues that documents attached to his complaint show that his counsel requested a copy of the SPD on two separate occasions, and that the inference to be drawn from these two requests is that his counsel never received the SPD.[26]

Plaintiff's response persuades the court that his claim for civil penalties should not be dismissed at this stage of the case.

## IV. Conclusions and Order

For the reasons explained above, Plaintiff, Gopalji Rana's Response to Show Cause Order and Motion for Reconsideration, Docket Entry No. 16, is **GRANTED IN PART** and **DENIED IN PART**, and that part of the June 16, 2010, Memorandum Opinion and Order dismissing the plaintiff's claim for benefits is **VACATED**. Accordingly, the live claims in this action are plaintiff's claim for benefits under 29 U.S.C. § 1132(a)(1), and plaintiff's claim for civil penalties under 29 U.S.C. § 1132(c).

The court will conduct an Initial Pretrial and Scheduling Conference in this action on Friday, August 27, 2010, at 2:00 p.m.

---

[25]Affidavit of Gopalji M. Rana, Exhibit A attached to Plaintiff's Motion to Reconsider, Docket Entry No. 16.

[26]Plaintiff's Motion to Reconsider, Docket Entry No. 16, p. 8 ¶ 29.

in Courtroom 9B

**SIGNED** at Houston, Texas, on this the 17th day of August, 2010.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE