IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOPALJI M. RANA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SPECTRA ENERGY CORP., THE | § | |
| SPECTRA ENERGY RETIREMENT | § | CIVIL ACTION NO. H-10-0403 |
| SAVINGS PLAN, THE SPECTRA | § | |
| ENERGY GROUP BENEFITS | § | |
| COMMITTEE, AND THE PLAN | § | |
| ADMINISTRATOR OF THE SPECTRA | § | |
| ENERGY RETIREMENT SAVINGS PLAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gopalji M. Rana, brought this action against
defendants, Spectra Energy Corporation, Spectra Energy Retirement
Savings Plan (Plan), Spectra Energy Group Benefits Committee
(Committee), and the Plan Administrator of the Spectra Energy
Retirement Savings Plan (Administrator), for denial of benefits,
breach of fiduciary duty, civil penalties, other equitable relief,
and attorney's fees in violation of the Employee Retirement Income
Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. Pending before
the court is Defendants' Motion for Partial Summary Judgment,
Docket Entry No. 24. For the reasons explained below, defendants'

1

motion will be granted as to plaintiff's claim for benefits and denied as to plaintiff's claim for civil penalties.

## I.   **Standard of Review**

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. Factual controversies are

2

to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Id.

## II. **Undisputed Facts**

On January 31, 1996, plaintiff voluntarily separated his employment from Panhandle Eastern Corporation.[1] Following his separation from employment, plaintiff continued to maintain his 401(k) retirement savings plan with his former employer.[2] As a result of mergers that occurred after plaintiff's separation, the Spectra Energy Retirement Savings Plan emerged as the Plan under which plaintiff's 401(k) retirement savings account was managed.[3]

On April 14, 2008, plaintiff's retirement savings plan was valued, liquidated, and the balance distributed to him by check.[4] On June 11, 2008, plaintiff filed a written claim for reconsideration of the valuation of his plan and the amount distributed to him.[5] Asserting that the valuation and distribution occurred without his consent and in violation of § 702 of the Plan

---

[1]Exhibit A to Defendants' Motion for Summary Judgment, Docket Entry No. 24, p. 110.

[2]See Plaintiff's Complaint, Docket Entry No. 1, ¶ 11.

[3]Defendants' Motion for Summary Judgment, Docket Entry No. 24, p. 7.

[4]Exhibit A to Defendants' Motion for Summary Judgment, Docket Entry No. 24, pp. 146-48.

[5]Id. at 141-45.

3

Document (PD), plaintiff sought damages in excess of $120,000.[6]

On August 20, 2008, Charlotte A. Wayland, Vice-President, Executive and U.S. Benefits of Spectra Energy, notified plaintiff in writing that his claim had been denied.[7]  Ms. Wayland's letter notified plaintiff that he could "file a written appeal with the Benefits Claims Committee within 60 days after the claim for benefits was denied."[8]  Ms. Wayland's letter also notified the plaintiff that

> [y]ou may, at any time during the claim denial or review process, hire an attorney — at your own expense — to represent you.  You must first follow the Plan's claims procedures prior to filing any action or lawsuit, and any action or lawsuit must be filed no later than one year from the date of the decision on appeal.[9]

On October 20, 2008, plaintiff's attorney appealed the denial of plaintiff's claim.[10]  On December 18, 2008, Ms. Wayland notified plaintiff's attorney that the "[Benefits] Committee met on December 16, 2008 to review the appeal and considered all comments, documents, records and other information submitted by Mr. Rana relating to his claim . . . [and that b]ased on its review, the

---

[6]Id. at 144 ¶¶ 1, 8.

[7]Id. at 136–38.

[8]Id. at 137.

[9]Id. at 138.

[10]Id. at 128–30.

Committee has denied the appeal for benefits."[11]  Ms. Wayland's
letter also notified plaintiff's attorney that

> . . . Mr. Rana is entitled to receive, upon request and
> free of charge, reasonable access to, and copies of, all
> documents, records and other information relevant to his
> claim for benefits.  In this regard, the Committee notes
> that copies of these documents, to the extent available
> or not otherwise previously provided, were provided to
> you, as Mr. Rana's counsel, by Ms. DeSilva on
> November 20, 2008.
>
> This is an adverse benefit determination upon review
> by the Committee.  As a result, Mr. Rana has the right to
> bring a civil action under Section 502(a) of the Employee
> Retirement Income Security Act of 1974 ("ERISA").  Any
> such action must be filed no later than one year from the
> date of this letter.[12]

### III.  Procedural Background

On February 10, 2010, plaintiff filed his original Complaint
(Docket Entry No. 1) "seeking redress for wrongful diminishment of
the value of his retirement account."[13]  Plaintiff's complaint
asserts claims for denial of benefits in violation of 29 U.S.C.
§ 1132(a)(1)(B), breach of fiduciary duty in violation of 29 U.S.C.
§ 1109 and § 1132(a)(2), other equitable relief available under
29 U.S.C. § 1132(a)(3)(B), civil penalties in violation of

---

[11]Id. at 164.

[12]Id. at 165-66.

[13]Plaintiff, Gopalji Rana's Response to Show Cause Order and
Motion for Reconsideration, (Plaintiff's Motion for Reconsider-
ation), Docket Entry No. 16, p. 3 ¶ 6.

29 U.S.C. § 1132(c), and attorney's fees.[14] These claims are based on plaintiff's contention that "[b]y failing to value and distribute [his] retirement account funds in accordance with the terms of the Plan Document, Defendants caused a \$121,292 diminishment in the total value of [his] retirement account."[15]

On May 12, 2010, defendants filed Defendants' Partial Rule 12(B)(6) Motion to Dismiss and Original Answer (Docket Entry No. 7). On June 16, 2010, the court issued a Memorandum Opinion and Order (Docket Entry No. 14), granting the defendant's motion for partial dismissal, dismissing all of plaintiff's claims except those for civil penalties, and directing plaintiff to show cause why his claims for civil penalties should not also be dismissed. The court concluded that plaintiff's claim for benefits should be dismissed because documents attached to Plaintiff's Complaint conclusively established that enforcement of the one-year period of limitation contained in the Plan Document ("PD") was not unreasonable for the following reasons:

> (1) plaintiff received the PD and the [Summary Plan Description] SPD before he filed his initial claim on June 11, 2008;
>
> (2) plaintiff received notice of the one-year statute of limitations from the August 20, 2008, letter denying his claim;

---

[14]Plaintiff, Gopalji Rana's Complaint (Plaintiff's Complaint), Docket Entry No. 1.

[15]Plaintiff's Motion for Reconsideration, Docket Entry No. 16, pp. 3-4 ¶ 10.

6

(3)     plaintiff's attorney received notice of the one-year statute of limitations from the December 18, 2008, letter denying the plaintiff's appeal; and

(4)     plaintiff has not articulated any reasons why the one-year limitations period established by the Plan was too short a period of time for him and/or his attorney to analyze, verify, and file his claim for denial of benefits.[16]

The court's conclusions that enforcement of the one year limitation period was not unreasonable and that plaintiff had adequate notice of that limitation period was based in part on the plaintiff's June 11, 2008, letter to the Plan Administrator attached to his complaint and in which he stated

12.     On May 1, 2008, Diana emailed me a copy of the entire Plan to learn about the appeal procedures.

.   .   .

15.     I requested Diana to send a copy of the SPD which I received on May 9th.[17]

On June 30, 2010, the plaintiff filed a motion for reconsideration seeking reinstatement of the claims dismissed on June 16, 2010, and the ability to proceed with his claims for civil penalties.[18]   In his motion for reconsideration the plaintiff asserted that he "stated in his Response to Defendant's Motion to Dismiss, and reiterates again, here, under oath, that he never

_____

[16]Memorandum Opinion and Order, Docket Entry No. 14, p. 12.

[17]Claim, Exhibit B attached to Plaintiff's Complaint, Docket Entry No. 1, third unnumbered page ¶¶ 12 and 15.

[18]Plaintiff's Motion for Reconsideration, Docket Entry No. 16.

received a copy of the SPD from Spectra and that he did not understand that the document had even been withheld from him until he engaged counsel to assist him with this claim."[19]  Plaintiff argued that the court erroneously viewed the facts in the light most favorable to the moving party to make "a critical finding of fact (that the Plan Administrator timely provided [him] a copy of the SPD)."[20]  Plaintiff explained that the conclusion the court drew from the statements in his June 11, 2008, letter was not reasonable because

> English is not [his] native language and he has no training as an attorney.  He wrote the June 11, 2008 letter without the benefit of counsel.  When he wrote the letter, he did not understand the legal or technical meaning of the terms, "Plan," "Plan Document," and "SPD." He ascribed to those terms meanings logical to him, as an engineer who had to try to interpret or "translate" the technical and legal terms being thrown at him by Spectra and Fidelity.  He had no context for an independent, legal or technical understanding of what those terms meant.[21]

The defendants urged the court to reject the plaintiff's attempt to reinstate his claim for benefits.  Defendants argued that

> [i]n his Motion for Reconsideration, Plaintiff again offers no authority supporting the proposition that the only method by which a plan participant can be placed on notice of a limitations period, is by and through the SPD, and only the SPD. . .

-----------------------

[19]Id. at 8 ¶ 26.

[20]Id. at 7 ¶ 23.

[21]Id. at ¶ 25 (citing plaintiff's Affidavit, Exhibit A attached thereto).

By and through his own statements and the very
exhibits he attached to his Complaint, Plaintiff
acknowledges that he was notified by receipt of the Plan
and by letter <u>twice</u> that he had one-year from the date of
the decision of his appeal to bring suit under ERISA. .
. . In fact, the letter sent by the Plan on December 18,
2008 was <u>addressed to Plaintiff's counsel</u>.   In that
letter, Plaintiff's counsel was advised of the one-year
limitations period under the Plan. . . .   Even if this
Court is persuaded by Plaintiff's newly asserted argument
that he lacked the English skills to understand the Plan
document and the letters received by him from the Plan,
*Plaintiff's counsel* certainly should have possessed the
competency skills required to understand the one-year
limitations period codified under the Plan, especially
when the December 18, 2008 letter expressly informed him
of such period.[22]

On August 17, 2010, the court issued a Memorandum Opinion and
Order (Docket Entry No. 20), allowing plaintiff's claim for civil
penalties to proceed,  and vacating that part of the June 16, 2010,
Memorandum Opinion and Order that dismissed the plaintiff's claim
for benefits.  Citing <u>Hansen v. Continental Insurance Co.</u>, 940 F.2d
971, 982 (5th Cir. 1991), and <u>Washington v. Murphy Oil USA, Inc.</u>,
497 F.3d 453 (5th Cir. 2007), the court explained that

[b]ecause the Fifth Circuit has held that if the terms of
an SPD conflict with the terms of a Plan Document and the
terms of the SPD unequivocally grant the employee a
vested right to benefits, the terms of the SPD govern
regardless of whether the employee can show that he or
she relied on or was prejudiced by the terms of the SPD,
the court concludes that the plaintiff's claim for
benefits should not be dismissed on the basis of the
limitations provision contained in the Plan Document
before plaintiff's counsel has had the opportunity to
obtain the SPD through discovery to determine whether it

---

[22]Defendants'   Response   to   Plaintiff's   Motion   for
Reconsideration and Reply to Plaintiff's Response to Show Cause
Order, Docket Entry No. 17, pp. 5-6.

9

contains a limitations provision that conflicts with that contained in the Plan Document and grants the employees more than one year to file a lawsuit.[23]

In Hansen, 940 F.2d at 982, the Fifth Circuit held that the summary plan description is binding, and that if there is a conflict between the summary plan description and the terms of the policy, the summary plan description shall govern. Any other rule would be, as the Congress recognized, grossly unfair to employees and would undermine ERISA's requirement of an accurate and comprehensive summary.

Because in Hansen the plaintiff's uncontradicted evidence showed that the plaintiff had relied on the description provided in the SPD, the court left "for another day the question of whether a plaintiff in an action such as this must demonstrate reliance on the summary plan description." Id. at 983. In Washington, the Fifth Circuit held "that when the terms of an SPD and an ERISA plan conflict and the terms of the conflicting SPD unequivocally grant the employee a vested right to benefits, the employee need not show reliance or prejudice." Washington, 497 F.3d at 458-59. As a result of the court's August 17, 2010, Memorandum Opinion and Order (Docket Entry No. 20), the live claims in this action were plaintiff's claims for benefits under 29 U.S.C. § 1132(a)(1)(B), and for civil penalties under 29 U.S.C. § 1132(c).

---

[23]Memorandum Opinion and Order, Docket Entry No. 20, p. 10.

## IV. Analysis

Defendants argue that they are entitled to summary judgment on plaintiff's claims for benefits and for civil penalties arising from a request for the administrative record made on June 19, 2009. Defendants do not seek summary judgment on plaintiff's claims for civil penalties based on requests for information made on May 7, 2008, and October 20, 2008.[24]

### A. Claim for Benefits

Defendants contend that they are entitled to summary judgment on plaintiff's claim for benefits because it is time-barred by the explicit one-year contractual limitations period found in § 11.03 of the Plan.[25] Defendants explain that the Plan states: "No action at law or in equity to recover under the Plan shall be commenced later than one year from the date of the decision on appeal."[26] Defendants explain that

> the relevant SPD . . . mirrors that same one-year limitations period found under the Plan:

---

[24]See Defendant's Reply to Plaintiff's Response to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 32, p. 6 n. 4 ("Plaintiff's arguments relative to his May 7, 2008 and October 20, 2008 requests for the SPD and Administrative Record, which also form the basis for his civil penalties claims, are not issues in Defendant's Motion brought to the Court for consideration at summary judgment.").

[25]Defendants' Motion for Summary Judgment, Docket Entry No. 24, p. 10 (citing Exhibit A attached thereto, pp. 74-75).

[26]Id. at 12 (quoting Exhibit A at 75, § 11.03).

11

> . . . You must first follow the Plan's claims procedures prior to filing any action or lawsuit, and any action or lawsuit must be filed no later than one year from the date of the decision on appeal.[27]

Defendants argue that because "the limitations period codified in the SPD is consistent with the one-year limitations period found under the Plan. Accordingly, Plaintiff's denial of benefits claim must be dismissed as a matter of law.[28]

Defendants denied plaintiff's administrative appeal on December 18, 2008.[29] Therefore, pursuant to the one-year limitations period provided for in both the Plan and the SPD, plaintiff was required to file suit no later than December 18, 2009. Plaintiff does not dispute that he waited more than one year to file suit for benefits, or that both the Plan and the SPD contain a one-year limitations period. Instead, plaintiff argues that "[t]he limitation which the Defendants attempt to assert is unreasonable, insupportable, and unenforceable. Additionally, good reason exists for Mr. Rana's inability to file his Complaint within one year after the alleged denial of his claim."[30] Explaining that

---

[27]Id. at 13-14 (quoting the SPD, Exhibit A at 307).

[28]Id. at 14.

[29]Exhibit A to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 24, pp. 164-65. See also Plaintiff, Gopalji Rana's Response to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 30, p. 5 ¶ 18 (citing Exhibit E attached thereto).

[30]Plaintiff, Gopalji Rana's Response to Defendants' Motion for
(continued...)

12

he requested the SPD multiple times before receiving it in 2010, plaintiff argues that "[d]efendants should be estopped from asserting the shortened limitations period in this action due to their own failure to adequately notify [him] of the limitation."[31] In support of this argument, plaintiff cites Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869, 873-75 (7th Cir. 1997).

In Doe the Seventh Circuit applied the doctrine of equitable estoppel to toll an ERISA plan's contractual limitations period after the defendant wrote a letter to plaintiff's counsel confirming a telephone conversation and reminding plaintiff's counsel that he had agreed to delay filing suit until defendant responded to plaintiff's settlement demand. Doe, 112 F.3d at 875-76. The court noted that the application of estoppel is controversial in ERISA cases because ERISA forbids the conferral of benefits other than in accordance with the written ERISA plan, 29 U.S.C. § 1102(a)(1). Id. The court held that although this requirement bars oral plan modifications, written modifications of purely procedural provisions are not barred. Id. at 876.

The court is not persuaded that Doe supports the plaintiff's contention that the defendants in this case should be estopped from

---

[30](...continued)
Partial Summary Judgment, Docket Entry No. 30, p. 2 ¶ 4.

[31]Id. at 10 ¶ 35.

asserting the one-year limitation period contained in the Plan and
the SPD because the facts of <u>Doe</u> are materially different from the
facts of this case.  As the <u>Doe</u> court explained

> [t]he most common example of equitable estoppel is where
> the defendant asks the plaintiff to delay the filing of
> his suit pending negotiations aimed at resolving the
> parties' dispute out of court.  The plaintiff claims that
> this is such a case.  The district judge rejected the
> claim without an elaboration of his reasons.  We think
> the claim had merit.

<u>Doe</u> 112 F.3d at 876.  Here, plaintiff does not contend that
defendants asked him to delay filing his suit pending negotiations
aimed at resolving the parties' dispute out of court.  Instead,
plaintiff contends that the defendants should be estopped because
they "never adequately advised [him] of the source or
enforceability of any limitation on his litigation rights . . .
since all [he] had was a pejorative statement, tagged onto the end
of the denial of his appeal, by the same people who had failed to
timely value and distribute his retirement fund."[32]

Plaintiff's contention that the defendants never adequately
advised him of any limitation on his litigation rights has no
merit.  The undisputed facts are that: (1) Ms. Wayland's letter of
August 8, 2008, notifying plaintiff that his claim for benefits had
been denied also notified plaintiff of the Plan's one-year
limitations period; (2) Ms. Wayland's letter of December 18, 2008,
notifying plaintiff's counsel that plaintiff's appeal of the denial

---

[32] <u>Id.</u>

of his claim for benefits had been denied also notified plaintiff's counsel of the Plan's one-year limitations period; and (3) in the claim for benefits that plaintiff submitted to the defendants on June 11, 2008, plaintiff states that he had received a copy of the entire Plan, including § 11.03, which contains the one-year limitation period.  Thus the undisputed facts show that plaintiff and his attorney each received actual notice from the defendants that the Plan requires any suit seeking benefits to be filed within one year of the denial of the plaintiff's administrative appeal.

Even if, as plaintiff alleges, defendants wrongfully failed to provide him and/or his attorney a copy of the SPD in response to requests made on May 7, 2008, October 20, 2008, and June 19, 2009, plaintiff does not deny that he actually received a copy of the entire Plan, including § 11.03 containing the one-year limitations period, before he filed his claim for benefits on June 11, 2008. Since it is also undisputed that the SPD contains a one-year limitation period like that contained in the Plan, there is no discrepancy between the two documents.  Citing Hansen, 940 F.2d at 982, for its holding that the terms of an SPD prevail if they differ from the terms of the Plan, the court reinstated plaintiff's claim for benefits to allow plaintiff to discover if the terms of the SPD differed from the terms of the Plan.  Because following discovery it is undisputed that the limitation period contained in the SPD does not differ from the limitation period contained in the

15

Plan, defendants are entitled to summary judgment on plaintiff's claim for benefits since this action was filed more than one year after plaintiff's administrative appeal was denied.

## B.   Civil Penalties

Citing paragraph 23 of the plaintiff' complaint, Defendants argue that they are entitled to summary judgment on plaintiff's claim regarding his request of June 19, 2009. Defendants contend that they learned for the first time via plaintiff's complaint that plaintiff's counsel purportedly sent a letter dated June 19, 2009, requesting a copy of the Administrative Record. Defendants contend that they have no record of having received any such letter dated June 19, 2009. Defendants state that in response to a request asking plaintiff to

> produce all documents, records, facsimile transmittal sheets, facsimile confirmation sheets, and e-mail communications (with attachments) supporting your contention in paragraph 23 of the Complaint that you requested on June 19, 2009, "in writing, any written documentation relied on by the plan Administrator in its determination to construe the terms of the Plan such that Mr. Rana's retirement funds were not timely distributed,[33]

plaintiff produced only a draft or copy of the June 19, 2009, letter that his attorney purportedly sent to the them, but did not

---

[33]Defendants' Motion for Summary Judgment, Docket Entry No. 24, p. 17 (quoting Exhibit D, Defendants' First Request for Production from Plaintiff).

16

produce any proof that such a letter was actually transmitted.[34] Defendants argue that plaintiff's claim for civil penalties based on the June 19, 2009, letter fails as a matter of law.

In response plaintiff contends that on May 7, 2008, October 20, 2008, and June 19, 2009, he and/or his counsel requested a copy of the SPD to evaluate his rights and claims, but that defendants failed to provide him a copy of the SPD until October 14, 2010.[35] In support of his contention that a request for the SPD was made on June 19, 2009, plaintiff sites Exhibit F to his complaint which is copy of the June 19, 2009, letter from his attorney to an associate general counsel at Spectra. Since both parties have submitted evidence of conflicting facts, the court concludes that the question of whether plaintiff's counsel ever sent the letter dated June 19, 2009, requesting a copy of the SPD is a genuine issue of material fact for trial.

## IV. Conclusions and Order

For the reasons explained above, the court concludes that the defendants are entitled to summary judgment on plaintiff's claim for benefits because that claim is barred by the Plan's one-year limitation period, but that defendants are not entitled to summary judgment on any aspect of the plaintiff's claim for civil

---

[34]Id. (citing Letter of June 19, 2008, Exhibit E).

[35]Plaintiff, Gopalji Rana's Response to Defendants' Motion for Partial Summary Judgment, Docket Entry No. 30, pp. 8-9 ¶¶ 30-31.

penalties.    Accordingly, Defendants' Motion for Partial Summary Judgment, Docket Entry No. 24, is **GRANTED IN PART** and **DENIED IN PART**.

     **SIGNED** at Houston, Texas, on this the 19th day of April, 2011.

                                        SIM LAKE
                           UNITED STATES DISTRICT JUDGE

18